UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BEVERLY POLLARD,

    Plaintiff,

v.

TMI HOSPITALITY GP, L.L.C., MIDWEST
HERITAGE INN OF SAGINAW, L.P., and
MARRIOTT INTERNATIONAL, INC.,

    Defendants.
_____/

Case No. 16-
Hon.

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromar@aol.com
kkelly615@gmail.com
_____/

**PLAINTIFF'S COMPLAINT & DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff, BEVERLY POLLARD, by and through her attorneys, THE MASTROMARCO FIRM, and hereby complains against Defendants, TMI HOSPITALITY GP, L.L.C. and MARRIOTT INTERNATIONAL, INC., stating as follows:

## COMMON ALLEGATIONS

1. That Plaintiff is a resident of the State of Maine.

2. That Defendant, TMI HOSPITALITY GP, L.L.C., is a foreign limited liability company that conducts business in the County of Saginaw, State of Michigan, specifically owning and/or operating hotel operations at the Fairfield Inn Saginaw, 5200 Fashion Square Boulevard, Saginaw, Michigan 48604.

3. That Defendant, MIDWEST HERITAGE INN OF SAGINAW, L.P., is a foreign limited partnership that conducts business in the County of Saginaw, State of Michigan, specifically owning and/or operating hotel operations at the Fairfield Inn Saginaw, 5200 Fashion Square Boulevard, Saginaw, Michigan 48604.

4. That Defendant, MARRIOTT INTERNATIONAL, INC., is a foreign profit corporation that conducts business in the County of Saginaw, State of Michigan, specifically owning and/or operating hotel operations at the Fairfield Inn Saginaw, 5200 Fashion Square Boulevard, Saginaw, Michigan 48604.

5. That the amount in controversy exceeds the sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of costs, interest, and attorney fees.

6. That this Honorable Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.

7. That venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

8. That Plaintiff, BEVERLY POLLARD, has a diagnosis of multiple sclerosis and requires a wheelchair to ambulate.

9. That on or about August 28, 2013, Plaintiff and her husband, Al Pollard, sought to obtain a hotel room that was handicap accessible and included a handicap accessible roll-in shower.

10. That on said date, Mr. Pollard attempted to obtain an accessible room from a hotel on Tittabawasee Road in Saginaw Township, Michigan.

11. That said hotel did not have an accessible room available and, as such, directed Mr. Pollard to Defendants' hotel, which was also near Tittabawasee Road.

12. That Defendants advertise the "Fairfield 100% Guarantee," stating, "We promise you'll be satisfied, or we'll make it right."

13. That Mr. Pollard went to Defendants' hotel and specifically requested a handicap accessible room with a roll-in shower.

14. That Defendants indicated that such a room was available and provided Room 121 to Plaintiff and her husband.

15. That Defendants represented that Room 121 was handicap accessible and had a roll-in shower.

16. That on or about August 29, 2013, Plaintiff went to take a shower with the assistance of her care taker, Bethany Sinnit.

17. That Ms. Sinnit assisted Plaintiff's transfer from her wheelchair to a

rolling shower chair and then rolled Plaintiff into the shower, locking the wheels of the shower chair.

18. That a twelve (12) to eighteen (18) inch crack existed on the shower base floor.

19. That said crack violated the Americans with Disabilities Act and the corresponding federal regulations, specifically Section 302.1 of 36 C.F.R. Appendix D to Part 1191 which requires that all floors and grounds "be stable, firm, and slip resistant."

20. That as Ms. Sinnit assisted Plaintiff in bathing, the shower chair depressed into the ground, because of the significant crack in the shower base floor.

21. That as a result of the shower chair moving, Plaintiff fell out of the shower chair floor and fell to the ground.

22. That as a result of the fall, Plaintiff suffered an injury to her left leg.

23. That Mr. Pollard notified Defendants' front desk manager, who subsequently confirmed that Defendants were aware of the crack in the shower base floor.

24. That Plaintiff was then taken to an urgent care center, Covenant MedExpress, where it was discovered that plaintiff had a left distal femoral fracture.

25. That Plaintiff was subsequently transferred to Covenant Medical Center.

26. That on or about August 30, 2013, Danielle Duncan, M.D. performed surgery on Plaintiff, involving the placement of an intramedullary nailing with retrograde nail with two proximal and distal locking screws.

27. That Defendants' actions constitute violations of the Americans with Disabilities Act.

28. That Defendants' actions constitute violations of the Michigan Persons with Disabilities Civil Rights Act.

29. That Defendants' actions constitute negligence.

30. That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained and will continue to sustain severe physical injuries, including, but not limited to, a left distal femoral fracture, which required surgical repair and placement of an intramedullary nail, retrograde nail, and multiple screws, exacerbation of osteoporosis, and other physical trauma along with any and all sequelae of the aforementioned conditions.

31. That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained and will continue to sustain severe economic damages, including, but not limited to, past and future medical expenses, durable medical equipment expenses, medical supply expenses, and other healthcare related

expenses.

32. That as a direct and proximate result of Defendants' unlawful actions, Mrs. Pollard has sustained and will continue to sustain severe non-economic damages, including, but not limited to, pain and suffering, mortification, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

33. That Plaintiff hereby claims any and all damages for the injuries and/or losses caused by Defendants, including reasonable attorney fees, litigation expenses, and costs, pursuant to 42 U.S.C. § 12205 and/or MCL § 37.1606.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

34. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 33 of her Common Allegations, word for word and paragraph for paragraph, as if fully restated herein.

35. That Title III of the Americans with Disabilities Act provides:

No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public

accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

36. That at all times material hereto, Plaintiff had a disability as defined by the Act. 42 U.S.C. § 12102.

37. That at all times material hereto, Defendants owned and/or operated a hotel, which constitutes a place of public accommodation. 42 U.S.C. § 12181(7)(A).

38. That discrimination under Title III of the Act includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." 42 U.S.C. 12182(b)(2)(A)(iv).

39. That "architectural barrier" includes any element of an existing facility that does not meet or exceed the requirements of the ADA Accessibility Guidelines for Buildings and Facilities. *Snyder v. Lady Slings the Booz, L.L.C.*, 73 F. Supp. 3d 871, (W.D. Ky. 2014)(citing *Wyatt v. Ralphs Grocery Co.*, 65 F. APp'x 589, 590 (9th Cir. 2003)).

40. That under Standard 302.1, all floors and grounds "shall be stable, firm, and slip resistant." 36 C.F.R. pt. 1191, app. D, 302.1.

41. That Defendants failed to keep the floor and ground of the roll-in shower of Room 121 in a stable and/or firm condition.

42. That Defendants' failure to repair the crack on the floor and ground of

the roll-in shower of Room 131 created an unstable and pliable condition.

43. That keeping the floor and ground of the roll-in shower in a stable and/or firm condition was reasonably achievable.

44. That keeping the floor and ground of the roll-in shower in a stable and/or firm condition was easily accomplishable and able to be carried out without much difficulty or expense. 42 U.S.C. § 12181(9).

45. That Defendants' failure to remove such architectural barrier and their denial of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of their place of public accommodation constitute disability discrimination in violation of the Americans with Disabilities Civil Rights Act.

46. That Defendants' actions constitute violations of the Americans with Disabilities Act.

47. That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained and will continue to sustain severe physical injuries, including, but not limited to, a left distal femoral fracture, which required surgical repair and placement of an intramedullary nail, retrograde nail, and multiple screws, exacerbation of osteoporosis, and other physical trauma along with any and all sequelae of the aforementioned conditions.

48. That as a direct and proximate result of Defendants' unlawful actions,

Plaintiff has sustained and will continue to sustain severe economic damages, including, but not limited to, past and future medical expenses, durable medical equipment expenses, medical supply expenses, and other healthcare related expenses.

49. That as a direct and proximate result of Defendants' unlawful actions, Mrs. Pollard has sustained and will continue to sustain severe non-economic damages, including, but not limited to, pain and suffering, mortification, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

50. That Plaintiff hereby claims any and all damages for the injuries and/or losses caused by Defendants, including reasonable attorney fees, litigation expenses, and costs, pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

### COUNT II - VIOLATIONS OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

51. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 33 of her Common Allegations and paragraphs 34 through 50 of Count I, word for word and paragraph for paragraph, as if fully

restated herein.

52.     That the Michigan Persons with Disabilities Civil Rights Act provides that a person shall not:

> Deny any individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation or public service because of a disability that is unrelated to the individual's ability to utilize and benefit from the goods, services, facilities, privileges, advantages, or accommodations or because of the use by an individual of adaptive devices or aids.

MCL § 37.1302(a).

53.     That at all times material hereto, Plaintiff had a disability as defined by the Act.  MCL § 37.1103(d).

54.     That at all times material hereto, Defendants were places of public accommodation as defined by the Act.  MCL § 37.1301(a).

55.     That Defendants denied Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of its hotel by failing to remove architectural barriers, including failing to remove a crack in the floor and ground of the roll-in shower of Room 121 and maintain it in a stable and/or firm condition, in violation of Standard 302.1 of the ADA Accessibility Guidelines for Buildings and Facilities.  36 C.F.R. pt. 1191, app. D, 302.1.

56.     That keeping the floor and ground of the roll-in shower in a stable and/or firm condition was reasonably achievable.

57.     That keeping the floor and ground of the roll-in shower in a stable and/or firm condition was easily accomplishable and able to be carried out without much difficulty or expense.

58.     That Defendants' actions constitute violations of the Michigan Persons with Disabilities Civil Rights Act.

59.     That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained and will continue to sustain severe physical injuries, including, but not limited to, a left distal femoral fracture, which required surgical repair and placement of an intramedullary nail, retrograde nail, and multiple screws, exacerbation of osteoporosis, and other physical trauma along with any and all sequelae of the aforementioned conditions.

60.     That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained and will continue to sustain severe economic damages, including, but not limited to, past and future medical expenses, durable medical equipment expenses, medical supply expenses, and other healthcare related expenses.

61.     That as a direct and proximate result of Defendants' unlawful actions, Mrs. Pollard has sustained and will continue to sustain severe non-economic damages, including, but not limited to, pain and suffering, mortification, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness,

anxiety, depression, denial of social pleasures, and disruption of lifestyle.

62. That Plaintiff hereby claims any and all damages for the injuries and/or losses caused by Defendants, including reasonable attorney fees, litigation expenses, and costs, pursuant to MCL § 37.1606.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT III - NEGLIGENCE

63. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 33 of her Common Allegations, paragraphs 34 through 50 of Count I, and paragraphs 51 through 62 of Count II, word for word and paragraph for paragraph, as if fully restated herein.

64. That Defendants owned or possessed the land located at 5200 Fashion Square Boulevard, Saginaw, Michigan 48604.

65. That as landowners and/or possessors of land, Defendants had a special relationship with Plaintiff, an invitee.

66. That further as operators of an inn, Defendants had a special relationship with Plaintiff, a guest.

67. That as such, Defendants had a duty to Plaintiff to make its property

reasonably safe and free from all hazards and/or to warn Plaintiff of the dangerous conditions that then existed upon its premises.

68. That Defendants permitted a dangerous condition to exist in the roll-in shower of their handicap accessible room, numbered 121.

69. That said dangerous condition was a significant crack in the floor and ground of the roll-in shower.

70. That Defendants have admitted to having knowledge of the dangerous condition.

71. That the risk of harm posed by the dangerous conditions was not open and obvious.

72. That the dangerous condition further had special aspects that created an unreasonable risk of harm to Plaintiff.

73. That once inside the roll-in shower, the dangerous condition was effectively unavoidable to Plaintiff.

74. That Defendants further had a duty to comply with the ADA Accessibility Guidelines for Buildings and Facilities.

75. That Defendants failure to repair the significant crack in the floor and ground of the roll-in shower violated Standard 302.1 of the ADA Accessibility Guidelines for Buildings and Facilities. *See* 36 C.F.R. § pt. 1191, app. D, 302.1.

76. That Defendants' violation of Standard 302.1 is evidence of

Defendants' negligence.

77.   That Defendants breached their duty to Plaintiff by failing to repair the significant crack in the floor and ground of the roll-in shower.

78.   That Defendants' actions constitute negligence.

79.   That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained and will continue to sustain severe physical injuries, including, but not limited to, a left distal femoral fracture, which required surgical repair and placement of an intramedullary nail, retrograde nail, and multiple screws, exacerbation of osteoporosis, and other physical trauma along with any and all sequelae of the aforementioned conditions.

80.   That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained and will continue to sustain severe economic damages, including, but not limited to, past and future medical expenses, durable medical equipment expenses, medical supply expenses, and other healthcare related expenses.

81.   That as a direct and proximate result of Defendants' unlawful actions, Mrs. Pollard has sustained and will continue to sustain severe non-economic damages, including, but not limited to, pain and suffering, mortification, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

82. That Plaintiff hereby claims any and all damages for the injuries and/or losses caused by Defendants, including reasonable attorney fees, litigation expenses, and costs, and any other type of relief allowable under statute and/or common law.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

Respectfully submitted,
THE MASTROMARCO FIRM

Dated: April 7, 2016    By:    */s/ Victor J. Mastromarco, Jr.*
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromar@aol.com
kkelly615@gmail.com

## **DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff, BEVERLY POLLARD, by and through her attorneys, THE MASTROMARCO FIRM, and hereby demands a trial by jury on all of the above issues, unless otherwise expressly waived.

                                              Respectfully submitted,
                                              THE MASTROMARCO FIRM

Dated: April 7, 2016        By:    */s/ Victor J. Mastromarco, Jr.*
                                                   VICTOR J. MASTROMARCO, JR. (P34564)
                                                   KEVIN J. KELLY (P74546)
                                                   Attorneys for Plaintiff
                                                   1024 N. Michigan Avenue
                                                   Saginaw, Michigan 48602
                                                   (989) 752-1414
                                                   vmastromar@aol.com
                                                   kkelly615@gmail.com