## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BEVERLY POLLARD,

      Plaintiff,

                              Case No. 16-11281

v.                          HON. DENISE PAGE HOOD

TMI HOSPITALITY GP, LLC,
MIDWEST HERITAGE INN OF
SAGINAW, L.P., and MARRIOTT
INTERNATIONAL, INC .,

      Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [#17]

## I.    INTRODUCTION

This case arises out of an injury Plaintiff suffered at a Fairfield Inn owned by Defendants.  Plaintiff's three-count Complaint alleges that Defendants: (1) violated American with Disabilities Act, 42 U.S.C. § 12181 *et seq*. ("ADA") (Count I); (2) and the Michigan Persons with Disabilities Civil Rights Act ("PWDCRA"), M.C.L. § 37.1101 *et seq*. (Count II); and (3) were negligent, when providing Plaintiff with a handicap-accessible room with a roll-in shower that had a visible depression and crack(s).  Defendants filed a Motion for Summary Judgment, Dkt. No. 17, which the

1

parties have fully briefed.  A hearing on Defendant's Motion was held on February 1, 2017.  For the reasons that follow, the Court grants in part and denies in part Defendants' Motion for Summary Judgment.

## II.    BACKGROUND

On August 28, 2013, Plaintiff and her husband, Albert Pollard, wanted to stay in a hotel in Saginaw.  Plaintiff has multiple sclerosis, utilizes a wheelchair, and requires a hotel room with a handicap-accessible, roll-in shower.  The first hotel they tried didn't have a suitable shower, and Plaintiff was referred to the Fairfield Inn, which was across the parking lot from the first hotel.  Plaintiff specifically requested a handicap-accessible room with a roll-in shower.  The Fairfield Inn staff gave Plaintiff the only room it had that satisfied those requirements.

After checking into their room, Plaintiff and her husband noticed a crack in the roll-in shower floor.  As Plaintiff testified:

> Q.    Okay. And did you check out the room as soon as you arrived or did you leave that to your husband.
>
> A.    No, we checked it out.
>
> Q.    Okay. And you said a minute ago that your husband asked if there were any other available rooms. Was there something that you—that made you decide to ask that?
>
> A.    Floor.
>
> Q.    Okay. When you say floor, can you tell me more about that?

A.      There was a crack. That doesn't sound—That's not right. There was a hole, an indentation that was cracked. And there were cracks that caused the floor to sink down.

Dkt. No. 17, Ex. 2 at 27-28.  Plaintiff testified that she could see the crack from her wheelchair:

A.      I saw it as more of a circle area that was cracked. And I don't know what the depth was but, clearly, and to me, it sunk down.

Q.      Okay. But you were able to see it from your vantage point in your wheelchair when you inspected the room?

A.      Uh-huh (Yes).

*Id.* at 30.  Mr. Pollard echoed Plaintiff's testimony, stating that the shower floor had several cracks in it and the area underneath appeared to be spongy and somewhat depressed. Dkt. No. 19, Ex. 2 at 10-11.  After seeing the condition of the roll-in shower floor, Mr. Pollard asked the Front Desk Manager if there were any other handicap-accessible rooms available that had a roll-in shower.  Mr. Pollard was advised that it was the only such room at that Fairfield Inn.

Plaintiff and Mr. Pollard stayed in that room at the Fairfield Inn the night of August 28, 2013.  The next morning, Plaintiff utilized the shower in the condition described above.  With help from her caretaker, Plaintiff got into her shower chair, which was rolled into the shower.  The caretaker has testified that, while rinsing off Plaintiff's back, the front leg of the shower chair "seemed to sink down then slip,

3

rotating out from under her." Dkt. No. 19, Ex. 6.  Plaintiff fell to the floor and

fractured her hip.  Plaintiff had surgery to repair the fracture and spent five days in the

hospital before returning home.  Plaintiff states that she had to undergo in-home

physical therapy, received daily injections of a parathyroid hormone to increase

calcium uptake in her bones, and continues to have residual issues associated with the

fall.

Numerous employees of the Fairfield Inn, including the Front Desk Manager,

General Manager, Assistant Manager, and housekeeping and maintenance staff were

aware of the condition of the handicap-accessible, roll-in shower floor. Dkt. No. 19,

Ex. 5 at 5-9.  The General Manager testified that he had reported the condition to the

corporate level and was told to continue make the room available to guests while

looking for a vendor to fix the condition. Dkt. No. 19, Ex. 3 at 7-8, 12.  Two

photographs attached to Plaintiff's response brief show the condition of the handicap-

accessible, roll-in shower floor on or about August 28, 2013, at least insofar as it was

cracked. Dkt. No. 19, Ex. 4.

On April 7, 2016, Plaintiff filed this lawsuit alleging: (a) Count I – Violations

of the Americans with Disabilities Act; (b) Count II – Violations of the Michigan

Persons with Disabilities Civil Rights Act; and (c) Count III – Negligence.

## III.    STANDARD OF REVIEW

4

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*,

477 U.S. at 248.

## IV.   ANALYSIS

## A.   ADA Claim

In Count I, Plaintiff claims that Defendants violated Title III of the ADA.  The

ADA provides:

> No individual shall be discriminated against on the basis of disability in
> the full and equal enjoyment of the goods, services, facilities, privileges,
> advantages, or accommodations of any place of public accommodation
> by any person who owns, leases (or leases to), or operates a place of
> public accommodation.

42 U.S.C. § 12182(a).  Discrimination under the ADA includes "a failure to remove

architectural barriers, and communications barriers that are structural in nature, in

existing facilities . . ."  42 U.S.C. § 12182(b)(2)(A)(iv).  Pursuant to  42 U.S.C. §

12186, the U.S. Attorney General has adopted regulations referred to as the "2010

ADA Standards for Accessible Design" (the "Standards"), found at 28 C.F.R. part 36.

28 C.F.R. § 36.211(a) states:

> A public accommodation shall maintain in operable working condition
> those features of facilities and equipment that are required to be readily
> accessible to and usable by persons with disabilities by the [ADA] or this
> part.

The regulations further provide: "The [ADA] requires that, to the maximum extent

feasible, facilities must be accessible to, and usable by, individuals with disabilities.

This section [§ 36.211] recognizes that it is not sufficient to provide features such as

6

accessible routes, elevators, or ramps, if those features are not maintained in a manner that enables persons with disabilities to use them." 28 C.F.R. part 36 (Appendix C). Standard 302.1 provides: "Floor and ground surfaces shall be stable, firm, and slip resistant and shall comply with 302." Standard 608 addresses shower compartments.

Defendants assert, and Plaintiff concedes, that private parties such as Plaintiff cannot recover money damages for alleged violations of Title III of the ADA. *See, e.g., Smith v. Wal-Mart Stores, Inc.*, 167 F.3d 286, 293 (6th Cir. 1999); *Barbosa v. American Osteo. Bd. of Surgery*, No. 3:07-cv-338, 2008 WL 2468483 (S.D. Ohio 2008); *Dorsey v. City of Detroit*, 157 F.Supp.2d 729, 733 (E.D. Mich. 2001); *Mayberry v. Von Valtier*, 843 F.Supp. 1160, 1167 (E.D. Mich. 1994).

A private person suing for a violation of Title III has two available remedies: (1) to bring "a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order," pursuant to 42 U.S.C. § 12188(a), based on the remedies and procedures set forth in 42 U.S.C. § 2000a-3(a); or (2) for violations of 42 U.S.C. § 12182(b)(2)(A)(iv) for failure to remove architectural barriers, "injunctive relief" that "shall include an order to alter facilities readily accessible to and usable by individuals with disabilities." 42 U.S.C. § 12188(a)(2).

Defendants argue that Plaintiff has not asserted any claim for injunctive relief

pursuant to her ADA claim.  Defendants further argue that an order to make the Fairfield Inn more accessible is unnecessary (and such preventative relief moot) because they have repaired the handicap-accessible, roll-in shower. Dkt. No. 20, PgID 310, 319-20.  Plaintiff argues that Defendants failed to provide facilities that were accessible to, and usable, by individuals with disabilities when it gave Plaintiff a handicap-accessible room with a roll-in shower that did not have a stable and firm floor. 28 C.F.R. part 36, Appendix C ("The [ADA] requires that, to the maximum extent feasible, facilities must be accessible to, and usable by, individuals with disabilities.").  Plaintiff suggests that "[w]hether monetary damages are available or not is immaterial to whether Plaintiff has submitted sufficient evidence to create a genuine question of fact whether Defendants violated the ADA."

The Court finds that Plaintiff has not met its burden of demonstrating a genuine dispute of material fact regarding the first available remedy under Title III - preventative relief.  The Court also finds that Plaintiff has not established a genuine dispute of material fact remains with respect to the theory that a violation of Section 12182(b)(2)(A)(iv) for failure to remove architectural barriers.  Defendants attached the undisputed and unchallenged testimony of the general manager of the Fairfield Inn, who stated that the shower flooring was repaired. Dkt. No. 20, PgID 319-20.

The Court denies Defendants' Motion as to Plaintiff's ADA claim in Count I.

8

The Court also notes that Plaintiff has suggested in her response brief that she is entitled to summary judgment regarding Count I. As Plaintiff has not filed a dispositive motion, the Court declines to consider Plaintiff's suggestion that she is entitled to summary judgment.

## B.   PWDCRA Claim

The PWDCRA "forbids persons to deny individuals 'the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation' because of a handicap unrelated to the use and benefit thereof." *Spagnuolo v. Rudds No. 2, Inc.*, 221 Mich.App. 358, 362 (1997) (quoting M.C.L. § 37.1202(a)). Plaintiff alleges that Defendants violated M.C.L. § 37.1302(a), which prohibits disability discrimination in public accommodations, when they denied her the "full and equal enjoyment" of the hotel. Under the PWDCRA, a plaintiff can recover money damages for an "injury or loss caused by [a] violation of this Act." M.C.L. § 37.1606(3).

Defendants assert that the PWDCRA only permits recovery where a person is refused a request for accommodation, not when a person is injured as a result of an accommodation made for them. Defendants contend that Plaintiff was given the very accommodation she requested – a room with a handicap-accessible, roll-in shower – and that Plaintiff cannot, as is required, "make a prima facie showing the defendant

9

has failed to accommodate [her] handicap." *Cebreco v. Music Hall Center for the Performing Arts, Inc.*, 219 Mich.App. 353, 360 (Mich.App. 1996).

Plaintiff counters that Defendants did not provide her with the accommodation requested because the handicap-accessible, roll-in shower was not maintained in an operable condition. Plaintiff contends the handicap-accessible, roll-in shower was not operable because it was not accessible and usable by a person with disabilities who utilizes a wheelchair, in violation of 28 C.F.R. § 36.211, including Standards 302 and 608. Relying on *Chiles v. Machine Shop Inc.*, 283 Mich.App. 462, 472-73 (1999) (ADA and PWDCRA "share the same purposes and use similar definitions and analysis," so although not strictly bound to do so, Michigan courts frequently "look to the ADA and federal cases interpreting the ADA for guidance" in analyzing PWDCRA cases).

Defendants rely on three cases, all of which Plaintiff distinguishes. In *Spagnuolo*, the court stated that "no language in the [PWDCRA] provides an independent tort remedy for persons injured at a place of public accommodation because they are handicapped." *Spagnuolo*, 221 Mich.App. at 363. In that case, the handicap entrance was broken but the wheelchair-bound plaintiff was able to get in the restaurant and receive service. The plaintiff was injured after she left the restaurant out of a different door and her wheelchair fell off the sidewalk as she tried

10

to maneuver around a trash can, something she realized would be difficult to do while remaining on the sidewalk. The *Spagnuolo* court concluded that the restaurant fully accommodated the plaintiff during her visit to the restaurant and affirmed the dismissal of her PWDCRA claim. *Id.* at 362-63.

Plaintiff argues that, unlike the *Spagnuolo* plaintiff, she was not given the necessary accommodation – a wheelchair-accessible, roll-in shower – because the shower floor was defective and in violation of federal standards and regulations. Plaintiff asserts that, unlike the *Spagnuolo* plaintiff, she had no alternative but to use the shower. Finally, Plaintiff attempts to distinguish *Spagnuolo* by noting that the defect not only constituted a failure to accommodate but also caused her injury.

In *Lindberg v. Livonia Public Schools*, 219 Mich.App. 364, 365-68 (1996), a paraplegic registered for welding classes and asked for a specific accommodation–moving a table in his welding booth to make it more wheelchair-accessible–before the first class. The school granted the plaintiff's request, but the plaintiff suffered severe burns when his apron caught fire while he was welding. The court dismissed the plaintiff's PWDCRA claim, stating that "[w]here an individual has not been denied anything by an institution or employer in terms of his special requests, it is difficult for us to conclude that he has not been properly accommodated." *Id.* at 511 (internal quotation marks omitted). Defendants further cite

2:16-cv-11281-DPH-PTM   Doc # 21   Filed 03/22/17   Pg 12 of 21   Pg ID 333

the case for the proposition that "although the PWDCRA requires public accommodations to accommodate handicapped individuals, it doesn't impose an 'additional obligation to determine which accommodations are necessary to respond to each individual's distinct handicap or special needs." *Id.*

Plaintiff contends that the plaintiff in *Lindberg* is like the plaintiff in *Spagnuolo* because he was fully accommodated by the defendant when it gave him the usable table he requested. Here, Plaintiff argues, Defendants denied her request for a usable and safe (operable) handicap-accessible, roll-in shower.

Defendants also rely on *Vansteenkiste v. Lakeside Mall, LLC*, 2014 WL 2744172 (E.D. Mich. 2014). The plaintiff in that case appropriately parked in the only available handicap parking space and fell when walking on the blue-striped area of the pavement after her walker became stuck in a crack in the pavement that was approximately ½-1" wide and up to a ½" deep. The court concluded that: (1) the crack was avoidable by parking in a different spot, stepping over the crack, or by taking a different route; (2) the plaintiff failed to show that she was denied the equal opportunity to enjoy the parking lot because the crack was not so big that it could not be crossed with a walker; and (3) the sidewalk crack posed the same risk to both handicapped and non-handicapped persons. *Id.* at **9-10. For these reasons, the court held that: (a) the crack did not create an accessibility barrier or deny the plaintiff the

equal opportunity to benefit from the services provided by the public parking lot, and (b) the PWDCRA was not intended to protect against the type of harm plaintiff incurred. *Id.*

Plaintiff contends that key facts in the *Vansteenkiste* case differ from this case, the result of which was that the plaintiff in that case was afforded all of the necessary accommodations. Plaintiff argues that there were no barriers to an individual using a walker to use the parking lot and access the store because the cracked pavement was "readily avoidable" and no special accommodation was necessary for the plaintiff. Plaintiff asserts that she needed a specific accommodation, an operable handicap-accessible, roll-in shower, because her disability required it in order to have "the full and equal enjoyment" of the hotel. Plaintiff suggests that the cracked and depressed handicap-accessible, roll-in shower created an unreasonable hazard, one that non-disabled individuals would not face because they are not required to use a room with a handicap-accessible, roll-in shower.

Defendants assert that the crack in the shower floor did not deny Plaintiff the full and equal enjoyment of Fairfield Inn's public accommodation based on her handicap. Defendants state that Plaintiff has failed to establish that the crack in the handicap-accessible, roll-in shower floor violated any of the Standards or prevented her from accessing or using the Fairfield Inn or the handicap-accessible, roll-in

13

shower.  Defendants also argue that Plaintiff has not shown that someone with her handicap could not use the shower.  Defendants claim that Plaintiff has not shown that she was more likely to fall in the crack than a non-handicapped person.

The Court finds that Plaintiff has established a genuine dispute of material fact as to whether the shower was in "operable working condition," such that she could readily access and use the handicap-accessible, roll-in shower.  As Plaintiff contends, Defendants' position ignores the requirement that the facilities be in operable condition, which means the person with the disability has to be able to use the facility. Citing 28 C.F.R. § 36.211.  Plaintiff states that each of the plaintiffs in the three cases cited by Defendants had an alternative means of accomplishing their objective, just as non-disabled persons at the Fairfield Inn would have.  Plaintiff argues that she did not have such an alternative because there was no other handicap-accessible room at the Fairfield Inn with a roll-in shower.

The Court finds that Defendants are mistaken when asserting that Plaintiff has not shown she was more likely to fall in the crack than a non-handicapped person. The Court finds that Plaintiff required the use of a chair to shower/bathe, and there is a genuine dispute of material fact as to whether the leg of a chair is more likely to catch in a crack than someone's foot.

The Court denies Defendants' Motion with respect to Plaintiff's PWDCRA

claim in Count II.  The Court also concludes that, as no motion has been filed, the Court will not consider Plaintiff's suggestion that she is entitled to summary judgment pursuant regarding Count II.

## C.    Negligence Claim

Plaintiff has asserted a negligence claim against Defendants.  The negligence claim is based on premises liability attributable to an allegedly dangerous condition – the cracked and depressed handicap-accessible, roll-in shower in her room at the Fairfield Inn.  A plaintiff must demonstrate the following elements to establish a viable negligence claim based on premises liablity: (1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; (3) the defendant's breach of duty proximately caused the plaintiff's injuries; and (4) the plaintiff suffered damages. *See, e.g., Case v. Consumers Power Co.*, 463 Mich. 1, 6 (2000); *Riddle v. McLouth Steel Prods. Corp.*, 440 Mich. 85, 109 n.10 (1992).  Defendants argue that Plaintiff cannot satisfy the first element because the "open and obvious" doctrine operates to obviate Defendants' duty of care to Plaintiff.

Landowners, as invitors, owe a duty to invitees to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition on the land. *Lugo v. Ameritech Corp.*, 464 Mich. 512, 516 (2001).  This duty does not extend to conditions that are so obvious that an invitee can be expected to discover it

15

herself. *Williams v. Cunningham Drug Stores, Inc.*, 429 Mich. 495, 500 (1998). A property owner's duty to invitees does not extend to "open and obvious" dangers about which the invitee has actual knowledge. *Lugo*, 464 Mich. at 516.

The Court finds that the crack and depression in the handicap-accessible, roll-in shower in Plaintiff's room constituted an open and obvious danger. In this case, Plaintiff (and Mr. Pollard) testified to seeing the crack, as well as what appeared to be a depression, in the handicap-accessible, roll-in shower long before Plaintiff used it. Mr. Pollard even went back to the front desk at the Fairfield Inn to inquire about the availability of another room with a handicap-accessible, roll-in shower.

A finding that there is an open and obvious danger is not necessarily determinative in cases such as this. Where "the dangers are known to the invitee . . . an invitor owes no duty to protect or warn the invitee *unless he should anticipate the harm despite knowledge of it on behalf of the invitee*." *Lugo*, 464 Mich. at 516 (quoting *Riddle*, 440 Mich. at 96) (emphasis added). As Michigan courts have recognized:

> If a court finds that the condition is open and obvious, it must then consider whether there are any special aspects that create an unreasonable risk of harm despite the condition being open and obvious. *Lugo v. Ameritech Corp., Inc.*, 464 Mich. 512, 517, 629 N.W.2d 384 (2001). "[I]f special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk." *Id.* Therefore, the inquiry in such cases is "whether the 'special aspect'

of the condition should prevail in imposing liability upon the defendant or the openness and obviousness of the condition should prevail in barring liability." *Id*. at 517-518, 629 N.W.2d 384. To be a special aspect, the harm must be "effectively unavoidable" or constitute "an unreasonably high risk of severe harm." *Id*. at 518, 629 N.W.2d 384. "However, the risk must be more than merely imaginable or premised on a plaintiff's own idiosyncrasies." *Robertson v. Blue Water Oil Co.*, 268 Mich.App. 588, 593, 708 N.W.2d 749 (2005). To determine whether a special aspect exists, the court considers the surrounding conditions, the character, and the location of the condition in question. *Bertrand*, 449 Mich. at 617, 537 N.W.2d 185.

*Scott v. Kroger*, No. 290696, 2010 WL 3184488, at *2 (Mich. Ct. App. Aug. 12, 2010).

The parties disagree on whether "special aspects" were present with respect to Plaintiff's use of the handicap-accessible, roll-in shower. Defendants contend that Michigan courts have declined to find an "unreasonably high risk of severe harm" in slip and fall cases such as this one. Citing *Joyce v. Rubin*, 249 Mich.App. 231, 242-43 (2002); *Corey v. Davenport College of Business*, 251 Mich.App. 1, 7 (2002); *Lugo*, 464 Mich. at 520 ("it cannot be expected that a typical person tripping on a pothole and falling to the ground would suffer severe injury"). Defendants suggest that Plaintiff's fall in the shower was just like any other slip-and-fall and did not, as a matter of law, present an "unreasonably high risk of severe harm."

Plaintiff counters that when the theory of negligence is based on a statutory duty, the open and obvious doctrine cannot be used to avoid the specific statutory

17

duty. Citing *Jones v. Enertel, Inc.*, 467 Mich. 266, 267-70 (2002); *Allison v. AEW Capital Mgmt., L.L.P.*, 481 Mich. 419, 425 n.2 (2008) (stating that the open and obvious doctrine cannot be used to avoid a statutory duty to maintain leased premises in accordance with M.C.L. § 554.139).  Plaintiff contends that the ADA and the accompanying Standards demonstrate that the crack in the handicap-accessible, roll-in shower floor presented an unusually high risk of severe harm. Relying on *Schollenberger v. Sears, Roebuck & Co.*, 925 F.Supp. 1239 (E.D. Mich. 1996) (holding that the unreasonableness of an open and obvious condition could not be violation of the ADA and its standards where the standards did not apply to the condition at issue).

Plaintiff states that, because Defendants violated their duty to maintain the handicap-accessible, roll-in shower as required by the ADA and the accompanying regulatory standards, they cannot use the open and obvious doctrine to shield itself from liability. Citing *Smith v. Wal-Mart*, 167 F.3d at 286 (recognizing that the ADA and accompanying standards give rise to a statutory duty in negligence); *Bray v. Marriot Int'l*, 158 F.Supp.3d 441 (D. Md. 2016). Plaintiff asserts that the handicap-accessible, roll-in shower was specifically designed to ensure that individuals with disabilities, especially those with wheelchairs, could safely utilize Defendants' shower facilities. *Bray*, 158 F.Supp.3d at 449 (citing *Smith v. Wal-Mart*, 167 F.3d at 289-90)

18

(ADA standards were "clearly designed to further the safety of people with disabilities"). Plaintiff states that the need for a firm and stable shower floor for a person using a wheelchair is obvious, as the persons using the wheelchairs have limited mobility and face significant risks of falling in a shower such as this one (which is slippery and uneven) without assistive features. Citing *Drews v. American Airlines, Inc.*, 68 F.Supp.3d 734 (E.D. Mich. 2014) (slippery and uneven surfaces create an unreasonable risk of harm).

Plaintiff argues that Defendants could foresee that the defective handicap-accessible, roll-in shower floor posed a significant risk of harm to individuals with disabilities. The testimony of the Front Desk Manager of the Fairfield Inn supports Plaintiff's position.

> [I]t's a crack in a handicapped accessible room that should be fixed before any guest is given this room for the simple incident of falling in the shower.

Dkt. No. 19, Ex. 5, at 11. The fact that housekeeping, maintenance, the Assistant Manager, the General Manager, and the Front Desk Manager all were aware of the condition and had submitted work orders and reported the condition to the corporate level also supports a finding the condition of the roll-in shower in the handicap-accessible room (Plaintiff's room) was hazardous. Dkt. No. 19, Ex. 3 at 7-8, 12; Ex. 5 at 5-9.

19

The Court finds that there is a genuine dispute of material fact regarding whether there was "an unreasonably high risk of severe harm" for Plaintiff with respect to the defective roll-in shower. The ADA and accompanying Standards make clear that: (1) facilities must be readily accessible and usable by persons with disabilities; (2) "floor and ground surfaces" must be "stable, firm, and slip resistant;" and (3) if the accessible routes "are not maintained in a manner that enables persons with disabilities to use them," they are not sufficient. *See, e.g.*, 42 U.S.C. § 12182(a); 28 C.F.R. § 36.211; 28 C.F.R. part 36 (Appendix C); Standard 302.1; Standard 608. Plaintiff has submitted sufficient evidence to support a finding that Defendants did not provide Plaintiff with readily accessible and usable facilities.

The Court denies Defendants' Motion with respect to Plaintiff's negligence claim in Count III.

## V.    CONCLUSION

Accordingly,

IT IS ORDERED that Defendants' Motion for Summary Judgment **[Dkt. No. 17]** is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Court grants Defendants' Motion with respect to Count I and denies it with respect to Counts II and III, as noted above.

IT IS ORDERED.

20

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated:  March 22, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 22, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager